# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JENNIFER L. BOYER, PhD, JD,                    Civil Action No. _____

      Plaintiff,

v.

PENNSYLVANIA WESTERN UNIVERSITY,

      Defendant.                           JURY TRIAL DEMANDED

## COMPLAINT

Plaintiff, Jennifer L. Boyer, PhD., JD, by undersigned counsel files this Complaint and in support alleges the following.

### I. Jurisdiction

1. The jurisdiction of this Court is invoked pursuant to Section 16(b) of the Fair Labor Standards Act of 1938, 29 U.S.C. §216(b), incorporating by reference the Equal Pay Act of 1963, 29 U.S.C. §206(d), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(f)(3), as amended by the Civil Rights Act of 1991, and 42 U.S.C. § 1331.

### II. Venue

2. Venue is proper in the Western District of Pennsylvania, in that this action arises out of events that occurred in Clarion County.

### III. Administrative Exhaustion

3. Plaintiff has satisfied all the procedural and administrative requirements set forth in Section 706 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-5, as amended, and in particular:

    a. Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC) on January 22, 2024 against Defendant.

    b.    Plaintiff cross-filed a timely Charge of Discrimination with the Pennsylvania Human Relations Commission (PHRC) on January 22, 2024.

    c.    Plaintiff received a Notice of Right to Sue from the EEOC dated May 29, 2024 and this action was filed with this Court within 90 days of receipt of such Notice.

## IV. Parties

4.    Plaintiff, Jennifer L. Boyer, is an adult individual who resides in Butler County, Pennsylvania and at all times relevant hereto was employed by Defendant as a faculty member and therefore is an employee within the meaning of the Fair Labor Standards Act, 29 U.S.C. §203(e)(1).

5.    Defendant, Pennsylvania Western University (PennWest), a public university with three campuses in the Pennsylvania boroughs of California, Clarion and Edinboro, has its principal place of business at 250 University Avenue, California, PA 15419 (Washington County). At all times relevant hereto, Defendant is and was an employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. §§ 203(d).

## V. Factual Background

6.    Boyer started working for Defendant in August 2017 as a temporary Adjunct faculty member in the Criminal Justice program at the Clarion campus.

7.    In August 2018, Boyer was hired as an Assistant Professor and was paid on step 1 of the Assistant Professor salary scale.

8.    At the same time, Defendant hired a male, Nicholas Roberts, as an Assistant Professor on step 11 of the same salary scale at Defendant's California campus.

9.    There was no difference in Boyer and Nicholas's respective qualifications,

experience or skill to justify the disparity in pay.

10. As time progressed, both Roberts and Boyer continued to ascend on the salary scale.

11. In August 2023, Boyer was promoted to Associate Professor and paid on the Associate Professor pay scale.

12. Although Roberts remained an Assistant Professor, he earned over $11,000 more, in base pay, than Boyer over the course of the 2023-24 academic year as follows:

   a. In Fall 2023, Roberts was paid on step 13 of the Assistant Professor pay scale, at an annual salary of $89,587.30. He received a 2.5% lump sum cash payment in the spring of 2023, for a total of $91,826.98 (1/2 year compensation of $45,913.49);

   b. In Fall 2023, Boyer was paid on step 3 of the Associate Professor pay scale, at an annual salary of $77,342.89 (1/2 year compensation of $38,671.44);

   c. In Spring 2024, when the new contract was ratified, Roberts remained on step 13 of the Assistant Professor pay scale, at an annual salary of $93,170.79, plus a 2.5% lump sum cash payment, for a total of $95,500.05 (1/2 year compensation of $47,750.02); and

   d. In Spring 2024, Boyer was paid on step 4 of the Associate Professor pay scale, at an annual salary of $84,458.36 (1/2 year compensation of $42,229.15).

13. In October 2023, Boyer contacted Defendant's HR Connect through email and requested that Defendant conduct a salary review in an effort to equalize salaries in the program.

14. Senior Associate VP of Human Resources, Eric Guiser, responded to Boyer's request and told her that she could not receive an increase in pay beyond the

process that is in place and directed her to talk with the Dean of the College of Education, Arts and Humanities, Mary Paniccia Carden.

15. In October 2023, Boyer contacted Carden, who informed her that she was not able to address Boyer's salary concerns and stated that Boyer is being paid as a result of her negotiations at her hiring.

16. On November 23, 2023, Boyer's counsel sent a formal letter of complaint to Defendant.

17. On January 22, 2024, Boyer filed a complaint of sex discrimination for the pay disparity with the Equal Employment Opportunity Commission.

18. Defendant has continued to refuse to address Boyer's pay equity concerns and has continued to pay Boyer less than at least one similarly situated male.

19. Currently, Roberts, as Assistant Professor, is paid over $11,000, more, in base pay, than Boyer for the 2024-25 academic year as follows:

   a. Roberts is paid on step 13 of the Assistant Professor pay scale, at an annual salary of $93,170.79, plus a 2.5% lump sum cash payment, for a total of $95,500.05; and

   b. Boyer is paid on step 4 of the Associate Professor pay scale, at an annual salary of $84,458.36.

20. Boyer possesses a higher level of qualifications, skills and abilities than Roberts, although they are assigned to perform substantially similar work.

**Count I**
**Equal Pay Act**

21. Plaintiff incorporates paragraphs 1 through 20 as though the same had been fully set forth at length herein.

22. Since the time of Boyer's hire, Defendant has violated the Equal Pay Act,

4

29 U.S.C. §206(d), by paying wages to Roberts, a male, at a rate less than the rate it pays Boyer, a similarly situated female, for equal work on jobs requiring equal skill, effort and responsibility, and performed under similar working conditions.

23. Defendant's violation of the Equal Pay Act was willful.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Equal Pay Act;

    b. That Defendant be ordered to place Boyer at a salary level equivalent to the level it pays Roberts and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c. That Defendant be ordered to pay to Plaintiff the difference between the wages actually paid to Boyer and the wages paid to Roberts for equal work within the meaning of the Equal Pay Act;

    d. That Defendant be ordered to pay to Plaintiff liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    e. That Plaintiff be awarded prejudgment interest;

    f. That Plaintiff be awarded the costs and expenses of this litigation, including a reasonable attorney's fee, pursuant to 29 U.S.C. §216(b); and

    g. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count II
## Equal Pay Act Retaliation

24. Plaintiff incorporates paragraphs 1 through 23 as though the same had been fully set forth at length herein.

25. Boyer opposed Defendant's unlawful pay practices under the Equal Pay Act by complaining internally and engaging counsel to communicate with Defendant about her intent to file claims under the Equal Pay Act.

26. Defendant continued to pay Boyer less than Roberts in retaliation for her opposition to Defendant's unlawful pay decisions.

WHEREFORE, Plaintiff demands judgment against Defendant and damages as follows:

    a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Equal Pay Act;

    b. That Defendant be ordered to place Boyer at a salary level equivalent to the level it pays Roberts and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

    c. That Defendant be ordered to pay to Plaintiff the difference between the wages actually paid to Boyer and the wages paid to Roberts for equal work within the meaning of the Equal Pay Act;

    d. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

    e. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Equal Pay Act;

    f. That Plaintiff be awarded liquidated damages, in an amount equal to the back wages due and owing, pursuant to 29 U.S.C. §§216(b), and 206(d)(3);

    g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

    h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count III
## Title VII – Sex Discrimination

27. Plaintiff incorporates paragraphs 1 through 26 as though the same had been fully set forth at length herein.

28. Defendant paid Plaintiff less than a comparable male because of her sex, in violation of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

29. Defendant's actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended;

b. That Defendant be ordered to place Boyer at a salary level equivalent to the level it pays Roberts and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c. That Defendant be ordered to pay to Plaintiff the difference between the wages actually paid to Boyer and the wages paid to Roberts for equal work within the meaning of the Equal Pay Act;

d. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

e. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by the Equal Pay Act;

f. That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

g. That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h. That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

## Count IV
### Title VII – Retaliation

30. Plaintiff incorporates by reference the allegations in Paragraphs 1 to 29, as if fully restated herein.

31. Defendant failed to equalize Plaintiff's pay in retaliation for her complaints of sex discrimination, in violation of Title VII of the Civil Rights Act of 1944, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991.

32. Defendant's actions were taken with malice or reckless indifference to Plaintiff's federally protected rights.

WHEREFORE, Plaintiff demands judgment pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, as amended by the Civil Rights Act of 1991 as follows:

a. That the Court enter a judgment declaring Defendant's actions to be unlawful and in violation of the Title VII of the Civil Rights Act of 1964, as amended;

b. That Defendant be ordered to place Boyer at a salary level equivalent to the level it pays Roberts and provide her all benefits incident thereto, including, but not limited to wages, benefits, training and seniority;

c. That Defendant be ordered to pay to Plaintiff the difference between the wages actually paid to Boyer and the wages paid to Roberts for equal work within the meaning of the Equal Pay Act;

d. That Plaintiff be awarded compensatory damages in an amount to be determined at trial;

e. That Defendant be enjoined from discriminating or

      retaliating against Plaintiff in any manner prohibited by the Equal Pay Act;

f.     That Defendant be enjoined from discriminating or retaliating against Plaintiff in any manner prohibited by Title VII;

g.     That Plaintiff be awarded against Defendant the costs and expenses of this litigation, including a reasonable attorney's fee; and

h.     That Plaintiff be granted such further legal and equitable relief as the Court may deem just and proper.

            Respectfully submitted:

            **RAMAGE LYKOS, LLC**

            */s/ Colleen E. Ramage*
            Colleen E. Ramage
            PA I.D. No. 64413

            Nikki Velisaris Lykos
            PA I.D. No. 204813

            525 William Penn Place, 28th Floor
            Pittsburgh, PA  15219
            (412) 325-7700 (phone)
            (412) 325-7755 (fax)
            cramage@ramagelykos.law
            nlykos@ramagelykos.law

            Attorneys for Plaintiff